IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3119-FL

| | | |
|---|---|---|
| GREGORY SCOTT GROSHOLZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OLA M. LEWIS; LEE BOLLINGER; | ) | |
| WILLIAM T. PEREGOY; SCOTT | ) | |
| MASON; MATTHEW CLIFTON; | ) | |
| SHARON HINTON; THOMAS H. | ) | |
| LOCK; AND GEORGIA B. MICAL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's pleading (DE # 26), captioned a motion to amend, submitted in response to this court's June 22, 2012, order directing him to particularize his complaint. Also before the court is plaintiff's motion to compel discovery (DE # 28).

## BACKGROUND

Plaintiff initially brought this action against Judge Ola M. Lewis ("Lewis"), Judge Thomas H. Lock ("Lock"), criminal defense attorney William T. Peregoy ("Peregoy"), Assistant District Attorney Lee Bollinger ("Bollinger"), court reporter Georgia B. Mical ("Mical"), North Carolina State Bureau of Investigation ("SBI") agent Sharon Hinton ("Hinton"), SBI agent Matthew Clifton ("Clifton"), and Officer Scott Mason ("Mason"). On December 27, 2011, the court conducted a frivolity review of plaintiff's complaint, and dismissed plaintiff's action against Judges Lewis and Lock pursuant to the doctrine of judicial immunity. The court dismissed Bollinger pursuant to the

doctrine of prosecutorial immunity, dismissed criminal defense attorney Peregoy on the ground that he is not a state actor, and dismissed court reporter Mical pursuant to the doctrine of absolute quasi judicial immunity. Finally, the court found that plaintiff did not adequately articulate his claims against Hinton, Clifton, and Mason, and allowed him the opportunity to particularize his complaint against these defendants.

Plaintiff subsequently filed two responses to the court's December 27, 2011, order allowing him to particularize his complaint. On June 22, 2012, the court conducted a frivolity review of plaintiff's amended pleadings pursuant to 28 U.S.C. § 1915. Upon a review of plaintiff's amended pleadings, the court found that plaintiff failed to comply with its December 27, 2011, order. Specifically, the court determined that plaintiff's amended pleadings again were unclear, and that he was attempting to improperly re-allege previously dismissed claims against Lewis, Loch, Peregoy, Bollinger, and Mical. Accordingly, the court allowed plaintiff an additional opportunity to particularize his complaint, and instructed him to specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff was cautioned that his amended complaint would be considered the complaint in its entirety.

On July 9, 2012, plaintiff filed a response to the court's second order directing him to particularize his complaint. Plaintiff also filed a motion to compel discovery. The court now must conduct an initial review of plaintiff's July 9, 2012, amended complaint. See 28 U.S.C. § 1915(e)(2).

**DISCUSSION**

A.      Standard of Review

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous," fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

B.      Analysis

Plaintiff's action relates to his North Carolina State criminal conviction for murder. Plaintiff names the following defendants in his amended complaint: North Carolina Governor Beverly Perdue ("Governor Perdue"); City of Leland, North Carolina ("Leland"); Brunswick County; North Carolina Indigent Defense Services; North Carolina Office of the Public Defender; the SBI; Leland Police Department; Leland Police Chief Osey Sanders ("Sanders"); Leland Police Lieutenant

3

Charles Bost ("Bost"); Bollinger; Peregoy; Officer John Keel ("Keel"), Officer Nicholas Giacobbe ("Giacobbe"), Officer Scott Mason ("Mason"); Officer Kevin Foss ("Foss"); Duplin County Deputy Devon Rich ("Rich"); Clifton; and Hinton. Plaintiff contends that his criminal conviction violated his constitutional rights.

To recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In this case, plaintiff's claims challenge the validity of his conviction, but he has not satisfied any of the Heck requirements. Thus, plaintiff's claims are barred pursuant to Heck.

To the extent any of plaintiff's claims are not barred pursuant to Heck, the court finds that plaintiff failed to provide sufficient factual support for his claims. "[W]hile the liberal pleading requirements of [Federal Rule of Civil Procedure] 8(a) demand only a short and plain statement of the claim, a plaintiff must often offer more detail than the bald statement that he has a valid claim of some type against the defendant." Cook v. Kraft Foods Global, Inc., 184 F. App'x 348, at *1 (4th Cir. June 8, 2006) (citing Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). Moreover, the presence of conclusory legal terminology does not insulate a claim from dismissal where the plaintiff fails to allege facts to support the alleged legal conclusion. See Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (dismissing complaint as frivolous where it "failed to contain any factual allegations tending to support his bare assertions"); Bates v. SCDC, No. C/A No. 4:11-3140-GRA-TER, 2012 WL

4

5381785, at *2 (D.S.C. Oct. 19, 2012) ("Due to the lack of factual allegations of specific wrongdoings attributable to specific Defendants, the Complaint is both frivolous and fails to state a claim on which relief may be granted.") (citations omitted); Clemons v. Bradley, No. 6:07-cv-03286-GRA, 2008 WL 3166001, at *3 (D.S.C. Aug. 4, 2008) (finding plaintiff failed to sufficiently plead a claim where he alleged defendants "engaged in wrongdoing in connection with a criminal case" but did nothing other than write down "repetitive lists of conclusory legal terminology under Defendants' name.")

Here, plaintiff makes conclusory allegations of random legal terminology such as "withholding exculpatory evidence," "false arrest," "improper investigation," and "perjury." Am. Compl. (DE # 26), pp. 9-18. Plaintiff, however, fails to provide factual support to connect the alleged defendants with the alleged constitutional violation, despite being provided two opportunities to particularize his complaint. Plaintiff additionally includes extensive case citations regarding principles of law purportedly to support his conclusory allegations, but fails to connect the cited principles of law to the respective defendants' actions. Thus, plaintiff has failed to state a claim upon which relief may be granted.

In addition to being conclusory, plaintiff's allegations against Governor Perdue, Sanders, Bost, and Brunswick County are based upon the actions of their subordinates. For instance, plaintiff alleges that Governor Perdue "is policymaker as well as responsible for subordinates lack of support of citizens rights under the Untied States and North Carolina Constitutions and Post-Conviction black letter of the General Statutes of N.C. and the United States laws." Am. Compl. (DE # 26), p. 2. Plaintiff similarly alleges that Brunswick County "individually along with the County Commissioners, as they are policy makers and enforcers of the United States Constitution and North

5

Carolina Constitution . . . have some responsibility to enforce laws, education and training of law officers who operate within their boundaries, and any violation of citizens rights." Am. Pleading (DE # 26), p. 3. Because plaintiff may not recover for the actions of a supervisor's subordinate pursuant to 42 U.S.C. § 1983, he fails to state a claim. See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 n.58 (1978) (finding *respondeat superior* is inapplicable to suits brought pursuant to 42 U.S.C. § 1983).

The court additionally notes that plaintiff attempts to bring this action against several non-persons, including Leland, the North Carolina Public Defenders Office, the SBI, and the North Carolina Indigent Defense Services. Claims filed pursuant to § 1983 must be directed at persons. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Preval v. Reno, No. 2000 WL 20591, 203 F.3d 821, *1 (4th Cir. 2000). Thus, plaintiff fails to state a claim against these defendants.

Finally, to the extent plaintiff again attempts to re-allege claims again public defender Peregoy and prosecutor Bollinger, his attempt fails. As stated in this court's December 27, 2011, order, public defenders are not amenable to suit under § 1983 because they are not state actors "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff's allegations against Peregoy relate to his role as public defender in plaintiff's criminal action. As for Bollinger, plaintiff's allegations against this defendant relate to his performance of his prosecutorial functions for which he enjoys absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Thus, plaintiff still has not stated a claim against these defendants.

CONCLUSION

Based upon the forgoing, the court DISMISSES this action without prejudice pursuant to 28 U.S.C. § 1915. Because the court in its June 22, 2012, order directed plaintiff to file a particularized amended pleading, his motion to amend (DE # 26) is DENIED as moot. Finally, because the court has dismissed plaintiff's action pursuant to § 1915, his motion to compel (DE # 28) also is DENIED as moot.

SO ORDERED, this the 6th day of December, 2012.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge